UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-CV-00374-BR

MARIA S. REMINGTON,

        Plaintiff,

v.

JOSEPH V. DIPIERRO,

        Defendant.

ORDER

This matter is before the court on the Memorandum and Recommendation ("M&R") of United States Magistrate Judge Robert T. Numbers, II, regarding plaintiff's motion to proceed *in forma pauperis* ("IFP"). (DE # 18.) Also before the court is plaintiff's motion to amend complaint and objections to the M&R. (DE # 21.)

## I. FACTS

Plaintiff's application to proceed IFP was filed in this matter on 24 July 2017. (DE # 1.) By order dated 24 October 2017, Judge Numbers instructed plaintiff that if she wanted the court to consider her IFP application and amended complaint, she must refile those documents publicly within seven days. (DE # 15.) Alternatively, plaintiff was directed to remit the $400.00 filing and administrative fee along with her amended complaint. (Id. at 1-2.) Following the expiration of the seven-day period, Judge Numbers filed a M&R that recommended the court deny plaintiff's application to proceed IFP and dismiss the action. (DE # 18.) Judge Numbers based his recommendation on plaintiff's failure to submit a properly executed application or to pay the required filing fee, as well as plaintiff's failure to comply with the court's earlier order. (Id. at 1-2.) After Judge Numbers issued the M&R, plaintiff refiled her application to proceed IFP on 28

November 2017.  (DE # 19.)  Plaintiff filed her objections to the M&R and motion to amend her complaint 12 December 2017.  (DE # 21.)

## II.  ANALYSIS

### A.  Motion to Amend

Federal Rule of Civil Procedure 15(a) provides that a party may amend her pleading once as a matter of course within 21 days of service, or "if the pleading is one to which a responsive pleading is required, 21 days after service of the responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Otherwise, a party may amend the pleading only by leave of court.  Fed. R. Civ. P. 15(a).  Plaintiff's complaint has not yet been served and, therefore, plaintiff may amend her complaint as a matter of right.  Therefore, plaintiff's proposed amended complaint supersedes and replaces the original complaint.  See Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir.2001) (stating the general rule "that an amended pleading supersedes the original pleading, rendering the original pleading of no effect").

### B.  Motion to Proceed IFP

In her objections to the M&R, plaintiff explains that she experienced difficulty complying with Judge Numbers' 24 October 2017 order because she did not receive a copy of the order from the Clerk's Office in sufficient time for her to file a corrected application to proceed IFP.  (DE # 21, at 7.)  Because plaintiff is proceeding *pro se* and has refiled her application to proceed IFP, the court will consider her application.  The information in plaintiff's application demonstrates sufficient evidence of her inability to pay the required court costs.  Accordingly, the court will grant plaintiff IFP status.

After allowing a party to proceed IFP, the court must conduct a review in accordance with 28 U.S.C. § 1915(e)(2). The court must determine whether the action is frivolous or malicious or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B); see Michau v. Charleston Cty., S.C., 434 F.3d 725, 728 (4th Cir. 2006) (standard for frivolousness). In making this determination, *pro se* complaints are entitled to more liberal treatment than pleadings drafted by attorneys. See White v. White, 886 F.2d 721, 724 (4th Cir. 1989). However, the court is not required to accept a *pro se* plaintiff's contentions as true and may dismiss claims that are based on wholly irrational or incredible factual allegations. See Denton v. Hernandez, 504 U.S. 25, 33 (1992).

A complaint fails to state a claim if it does not "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim has been stated, "[the] court accepts all well-pled facts as true and construes those facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, ... bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

Plaintiff's amended complaint asserts claims under 42 U.S.C. §§ 1981, 1983, 1985, and 1988 against defendant Joseph V. Dipierro in both his personal and official capacities. (Am. Compl., DE # 21-1, at 1.) These claims arise from plaintiff's enrollment as an undergraduate at the University of North Carolina at Chapel Hill ("UNC"), where she claims campus police engaged in a pattern of racial harassment against her and manipulated the issuance of criminal charges for trespassing against her. (Id. ¶¶ 7, 23-24.) Plaintiff claims that defendant "led her to

believe" that he would provide her with legal representation in the criminal trespass case. (Id. ¶ 6.) She seeks recourse against defendant for his failure to provide her with adequate legal representation, specifically his failures to appear at her court hearing in the criminal case and to file an appeal on her behalf. (Id. ¶¶ 12, 22, 25-26, 32.)

1. **42 U.S.C. § 1981 Claim**

Section 1981 "protects the equal rights of '[a]ll persons within the jurisdiction of the United States' to 'make and enforce contracts' without respect to race." Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, 474 (2006) (quoting 42 U.S.C. 1981(a)). This section provides that "the term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. 1981(b). To state a § 1981 claim, a plaintiff must allege that: (1) she belongs to a racial minority group; (2) defendant intended to discriminate against plaintiff on the basis of race; and (3) the discrimination relates to a contractual relationship covered under § 1981. See Pitts v. U.S. Dept. of Hous. & Urban Dev., 546 F. App'x 118, 120 (4th Cir. 2013).

In her amended complaint, plaintiff alleges that she is a Hispanic-American and that defendant led her to believe that he would represent her in the defense of criminal charges. (Am. Compl., DE # 21-1, ¶¶ 6-7.) Plaintiff acknowledges that she did not enter into a written agreement with defendant for legal representation in the criminal trespass case. (Id. ¶¶ 15-19.) She nonetheless argues that defendant agreed to represent her in the criminal trespass case, as demonstrated by defendant preparing a motion on her behalf in the matter, communicating to her that he would appear on her behalf in court, and assuring her that he would file an appeal on her

4

behalf. (Id. ¶¶ 7-11, 13.) She further alleges that defendant's discriminatory intent can be inferred from defendant's failure to provide her with adequate legal representation. (Id. ¶ 32.)

Plaintiff asserts that defendant's failure to provide her with proper legal representation proves that he was in agreement with the discrimination she experienced at UNC. (Id.) However, the allegations in plaintiff's amended complaint do not demonstrate that defendant intended to discriminate against plaintiff because she is Hispanic-American. First, plaintiff's amended complaint offers an explanation for defendant's failure to appear at the criminal trespass hearing—defendant's heavy case load. The amended complaint states that defendant informed plaintiff in advance that he would be late to her criminal trespass hearing due to other cases that he had on that same day in court, and that he had to get to those other cases first. (Id. ¶ 7.) Second, the amended complaint demonstrates that defendant had an alternative motivation for his promise to file an appeal—to downplay the consequences of his failure to appear at plaintiff's hearing. (Id. ¶ 13 ("[T]he Defendant just stated that to Plaintiff as a form of distraction to the Plaintiff and lied to the Plaintiff and did nothing to appeal.").) While defendant's actions may have been unprofessional and ultimately harmful to plaintiff's defense, they do not demonstrate an intent to discriminate. Accordingly, plaintiff has failed to plead sufficient facts to state a § 1981 claim.

   2. **42 U.S.C. § 1983 Claim**

In order to bring a civil rights complaint pursuant to 42 U.S.C. § 1983, a plaintiff must allege that her constitutional rights were violated by a person acting under color of state law. Defendant as a private attorney is not a state actor. See Grady v. Hall, No. 5:16-CT-3026-FL, 2016 WL 7664300, at *3 (E.D.N.C. July 28, 2016) ("A private entity, such as NCPLS, or a private attorney, such as defendant [], are not state actors, and are not amenable to suit under §

1983 except in certain narrow circumstances[.]"). In order for a private actor's conduct to be under color of state law, it must be "fairly attributable to the state." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982); see also Wahi v. Charleston Area Med. Ctr., 562 F.3d 599, 615 (4th Cir. 2009) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (internal quotation marks and citations omitted)). Plaintiff alleges that defendant provided her with inadequate representation, and consequently, allowed for the criminal case against her to damage her in an "an unfair, biased and discriminatory manner." (Am. Compl., DE # 21-1, ¶ 32.) While plaintiff asserts that defendant's handling of her case shows his agreement with the alleged discriminatory actions taken by the campus police at UNC, she does not allege that defendant was acting on behalf of campus police or that defendant had any affiliation with the campus police or UNC whatsoever. The court finds that there are no facts stated in the amended complaint from which state action could be found or inferred. Accordingly, plaintiff's § 1983 claim does not state a claim.

### 3. 42 U.S.C. § 1985 Claim

Plaintiff does not specify under which subsection of 42 U.S.C. § 1985 that she brings her claim. However, all three subsections require a plaintiff to allege a conspiracy between "two or more persons." 42 U.S.C. § 1985. Plaintiff's amended complaint is devoid of any allegation that defendant acted in concert with anyone else to violate her civil rights. Accordingly, plaintiff has failed to sufficiently state a plausible claim based on conspiracy to violate her civil rights.

### 4. 42 U.S.C. § 1988 Claim

Plaintiff also appears to seek attorney's fees and costs pursuant to 42 U.S.C. § 1988. In order to recover costs and attorney's fees, a plaintiff must qualify as a "prevailing party." Fed.

6

R. Civ. P. 54(d)(1); 42 U.S.C. § 1988(b).  Because plaintiff has failed to state a claim entitling her to relief, she has not shown that she is a prevailing party for purposes of § 1988.  Moreover, it is generally understood that a plaintiff proceeding *pro se* is not entitled to attorney's fees.  See Kay v. Ehrler, 499 U.S. 432, 435 (1991) (recognizing that all circuit courts of appeals are in agreement "on the proposition that a pro se litigant who is not a lawyer is not entitled to attorney's fees" under 42 U.S.C. § 1988); Bond v. Blum, 317 F.3d 385, 398-99 (4th Cir. 2003) (explaining that it is not disputed that a *pro se* litigant who is not an attorney is not entitled to attorney's fees under fee-shifting statutes).  As a result, plaintiff is not entitled to such relief.

### III.  CONCLUSION

For the reasons set forth above, plaintiff's motion to amend, (DE # 21), is GRANTED and the Clerk is DIRECTED to file her proposed amended complaint, (DE # 21-1).  Plaintiff's motion to proceed IFP, (DE # 19), is also GRANTED.  The amended complaint is DISMISSED for failure to state a claim.  The Clerk is DIRECTED to close this case.

This 31 July 2018.

_____
W. Earl Britt
Senior U.S. District Judge